# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| CARL SHENKMAN, | * |
| Plaintiff, | * |
| vs. | * CV 214-66 |
| OCWEN LOAN SERVICING, LLC, | * |
| Defendant. | * |

## ORDER

Presently before the Court is Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss. Dkt. No. 4. For the reasons stated below, Defendant's Motion is **GRANTED**.

## BACKGROUND

The present case involves a homeowner's allegations of false credit reporting against its mortgage loan servicer. See generally Dkt. No. 1. In April 2004, Plaintiff obtained a mortgage loan through Decision One Mortgage Company to finance the purchase of his home in Glynn County, Georgia. Id. at ¶¶ 1, 4. Plaintiff avers that Defendant, a Florida limited liability company, has since assumed ownership of Plaintiff's mortgage

loan but has failed to provide documentation proving any actual transfer of ownership, despite Plaintiff's many requests to do so. See id. at ¶¶ 2, 5.

Plaintiff maintains that he has consistently made timely monthly mortgage loan payments, both before and after Defendant allegedly acquired ownership of his mortgage loan. Id. at ¶¶ 6, 11. Plaintiff claims that in each month since December 2013, Defendant has falsely reported to three credit bureau reporting services—Experian, Transunion, and Equifax—that Plaintiff was delinquent in his mortgage loan payments. Id. at ¶¶ 7-8. According to Plaintiff, an automobile salesman informed him that he "was five (5) months behind in his mortgage" and therefore denied him credit financing on a new automobile. Id. at ¶ 10.

Also as a result of Defendant's allegedly false credit reporting, Plaintiff states that he has been unable to refinance his home, has faced increased interest rates, and has suffered loss of his reputation, ridicule, embarrassment, shame, mortification, and injury to his feelings. Id. at ¶¶ 9, 12. After what Plaintiff categorizes as many unsuccessful attempts to contact Defendant to resolve this alleged problem, Plaintiff filed this lawsuit seeking compensatory and punitive damages. See id. at ¶¶ 13-14.

On the basis of these facts, Defendant now moves for dismissal for failure to state a claim upon which relief could

be granted. Dkt. No. 4, p. 1 (citing Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)")). While Defendant notes that Plaintiff's Complaint "contains no causes of action and cites no law under which he seeks redress," Defendant nevertheless identifies the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x (2014) ("FCRA"), as governing Plaintiff's allegations of false credit reporting. Id. at pp. 1-2. Defendant concludes that Plaintiff's factual allegations are insufficient to state a claim under the FCRA and that the FCRA preempts any conceivable state-law claim here. Id. at p. 2.[1]

## DISCUSSION

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of a plaintiff's complaint. See Fed. R. Civ. P. 12(b)(6). The complaint must set forth "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). To do so, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When ruling on a motion to dismiss, a court must accept the factual allegations in the complaint as true and draw all reasonable inferences in

---

[1] Plaintiff did not file any opposition to Defendant's Motion.

the plaintiff's favor. Ashcroft, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556, 570).

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). While the plausibility standard does not amount to a probability requirement, "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Bell Atl. Corp., 550 U.S. at 556). A complaint containing facts that are "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Bell Atl. Corp., 550 U.S. at 557).

The complaint need not state with particularity the exact legal theory supporting a claim, so long as the factual allegations support some viable cause of action. Gentry v. Harborage Cottages-Stuart, LLLP, 602 F. Supp. 2d 1239, 1256 n.8 (S.D. Fla. 2009) (citing Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992)), aff'd in part, vacated in part on other grounds, 654 F.3d 1247 (11th Cir. 2011); see also St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, 712 F.2d 978, 985 n.13 (5th Cir. 1983); New Home Appliance Cent., Inc. v. Thompson, 250 F.2d 881, 883 (10th Cir. 1957) ("[I]t is not the office of a complaint to plead detailed

AO 72A
(Rev. 8/82)

facts or state particular theories for recovery. It is sufficient . . . if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis.").

While Plaintiff here cites no law or legal theory, "[t]he FCRA governs claims by consumers," such as Plaintiff, "against a furnisher of information," like Defendant, "based on an allegation that the furnisher submitted incorrect information regarding the consumer" to a credit reporting agency ("CRA"). Green v. RBS Nat'l Bank, 288 F. App'x 641, 642 (11th Cir. 2008) (per curiam) (citing 15 U.S.C. §§ 1681a(c),(f), 1681s-2(a)).[2] Often accompanying such FCRA claims are various claims under state law, including negligence, defamation, misrepresentation, and intentional infliction of emotional distress. See, e.g., Schlueter v. BellSouth Telecomms., 770 F. Supp. 2d 1204, 1206 (N.D. Ala. 2010). The Court therefore must determine whether Plaintiff's factual allegations are sufficient to state a facially plausible claim for relief under either the FCRA or state law.[3]

---

[2] Although Green is unpublished and therefore not binding, the undersigned finds that it is nevertheless instructive as to the Eleventh Circuit Court of Appeals' interpretation and application of the FCRA.

[3] Plaintiff's factual allegations do not give rise to a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (2014) ("FDCPA"), which requires that a defendant be a "debt collector" within the meaning of the FDCPA, see Heintz v. Jenkins, 514 U.S. 291, 294 (1995). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of

AO 72A
(Rev. 8/82)

## A. FCRA Claims

The FCRA imposes two duties on a furnisher of credit information: a furnisher must submit accurate information to CRAs, 15 U.S.C. § 1681s-2(a), and must investigate and respond promptly to any notice of a consumer dispute regarding such information, id. § 1681s-2(b). See Green, 288 F. App'x at 642. The FCRA does not provide a private right of action when a furnisher submits false information to a CRA in violation of section 1681s-2(a). Id. at 642 & n.2 ("Enforcement of this provision is limited to federal agencies, federal officials, and state officials." (citing 15 U.S.C. §§ 1681s-2(c) to (d), 1681s(c)(1)(B))). By contrast, a private right of action exists when a furnisher violates section 1681s-2(b), "but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency." Id. at 642 (citing 15 U.S.C. § 1681s-2(b)(1)).

Here, it appears that Plaintiff attempts to state a claim under sections 1681s-2(a) and (b). Insofar as Plaintiff alleges

---

which is the collection of any debts, or who regularly collects . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "debt collector" does not include a creditor, mortgage loan servicer, or an assignee of a debt, "as long as the debt was not in default at the time it was assigned." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985); see also 15 U.S.C. § 1692a(6)(F); McKinney v. Cadleway Props., Inc., 548 F.3d 496, 501 (7th Cir. 2008) (stating that the FDCPA uses a debt's status at the time of an assignment to distinguish between a "debt collector" and a "creditor"). Because Plaintiff maintains that his mortgage loan was not in default at the time of Defendant's alleged purchase thereof, Plaintiff cannot state a claim against Defendant as a "debt collector" under the FDCPA.

AO 72A
(Rev. 8/82)

that Defendant reported false information to three CRAs, Dkt. No. 1, ¶¶ 7-8, Plaintiff's FCRA claim is based on violations of section 1681s-2(a). Because a violation of section 1681s-2(a) is not subject to a private right of action, the Court **DISMISSES** Plaintiff's FCRA claim under this section with prejudice.

To the extent that Plaintiff's factual allegations pertain to his unsuccessful attempts to resolve the alleged problem with Defendant, id. at ¶ 14, Plaintiff appears to base his FCRA claim on a failure to investigate and respond, in violation of section 1681s-2(b). A furnisher of information, however, is only liable for a failure to investigate and respond after receiving notice of a consumer dispute from a CRA, not from the consumer. See § 1681s-2(b)(1); Green, 288 F. App'x at 642; see also § 1681i (setting forth a dispute procedure); Eddins v. Cenlar FSB, 964 F. Supp. 2d 843, 848 (W.D. Ky. 2013) ("Under the statutory language, notification from a consumer is not enough." (citing Stafford v. Cross Country Bank, 262 F. Supp. 2d 776, 785 (W.D. Ky. 2003))).

Notice from a CRA thus constitutes a necessary element of a claim against a furnisher under section 1681s-2(b). Schlueter, 770 F. Supp. 2d at 1208 (citing Rivell v. Private Health Care Sys., Inc., 520 F.3d 1308, 1309 (11th Cir. 2008)). To sufficiently state a claim under section 1681s-2(b), the plaintiff must set forth facts alleging, or rendering it

plausible, that a CRA informed the furnisher of the plaintiff's dispute. See, e.g., Eddins, 964 F. Supp. 2d at 848. Compare Oates v. Wells Fargo Bank, N.A., 880 F. Supp. 2d 620, 626 (E.D. Pa. 2012) (finding a facially plausible claim where the plaintiff alleged that he filed a dispute with CRAs, he had reason to believe that the CRAs informed the defendant, and the defendant failed to investigate), with Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 13 (D. Mass. 2004) ("In the instant case, [the plaintiff] has not alleged that he contacted any credit reporting agency or that the agency, in turn, got in touch with any of the defendants. Under such circumstances, a complaint brought under [section 1681s-2(b)] should be dismissed."), aff'd, No. 05-1057, 2005 WL 5493113 (1st Cir. Aug. 23, 2005).

Here, the undersigned accepts as true Plaintiff's allegations that Defendant submitted false information to three CRAs, that Plaintiff contacted Defendant regarding the inaccuracies, and that Defendant failed to correct the information. Without additional allegations that Plaintiff contacted any CRA or that any CRA informed Defendant, Plaintiff's allegations are insufficient to render plausible the essential element of notice from a CRA. The Court therefore **DISMISSES** Plaintiff's FCRA claim based on section 1681s-2(b) without prejudice.

Should Plaintiff believe that he is able to state a claim under section 1681s-2(b) consistent with the foregoing requirements and without violating Federal Rule of Civil Procedure 11,[4] Plaintiff may file a separate lawsuit to do so. Otherwise, Plaintiff must initiate and proceed with the dispute process under the FCRA before filing another suit based on section 1681s-2(b). See § 1681i.

**B. State-law Claims**

The FCRA contains two provisions preempting certain causes of action under state law. The first, section 1681h(e), provides as follows:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on

---

[4] Federal Rule of Civil Procedure 11 provides in pertinent part that
> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

information disclosed pursuant to section 1681g,
1681h, or 1681m of this title, or based on information
disclosed by a user of a consumer report to or for a
consumer against whom the user has taken adverse
action, based in whole or in part on the report except
as to false information furnished with malice or
willful intent to injure such consumer.

15 U.S.C. § 1681h(e). The second provision, section 1681t(b)(1)(F), mandates that "no requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." Id. § 1681t(b)(1)(F).[5]

In the instant case, Plaintiff's Complaint arguably sounds in negligence, defamation, misrepresentation, or even intentional infliction of emotional distress, based on the allegations of Defendant's reporting false information and neglecting to resolve the alleged problem. See Dkt. No. 1, ¶¶ 5-14. But because these allegations concern Defendant's reporting and investigating responsibilities under section

---

[5] The undersigned notes that many district courts find that these provisions conflict and, attempting to resolve the perceived conflict, reach different conclusions as to whether section 1681h(e) preserves any state-law cause of action against a furnisher. See, e.g., Triplett v. JPMorgan Chase Bank, No. 4:13cv556, 2014 WL 4351429, at *3-4 (N.D. Fla. July 9, 2014) (discussing three common approaches to reconciling these provisions); Carruthers v. Am. Honda Fin. Corp., 717 F. Supp. 2d 1251, 1255-58 (N.D. Fla. 2010) (same); Schlueter, 770 F. Supp. 2d at 1209-10 (citing Knudson v. Wachovia Bank, 513 F. Supp. 2d 1255, 1259 (M.D. Ala. 2007)) (same). The undersigned, however, need neither assess nor resolve any potential inconsistency in these provisions to reach a decision in this case.

1681s-2, section 1681t(b)(1)(F) bars any state-law claim concerning this conduct.

Plaintiff's factual allegations do not address any actions of Defendant that are independent from the responsibilities of a furnisher. Nor do any allegations suggest that Defendant furnished false information maliciously or with willful intent to injure Plaintiff. Absent such allegations, the undersigned finds no reason to consider the preemptive effect of section 1681h(e) in this case. The Court thus **DISMISSES** Plaintiff's state-law claims without prejudice.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss, Dkt. No. 4. The Court **DISMISSES** Plaintiff's FCRA claim based on section 1681s-2(a) with prejudice and both his FCRA claim based on section 1681s-2(b) and his state-law claims without prejudice.

**SO ORDERED**, this 6TH day of November, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA